ORIGINAL

FILED
DISTRICT COURT OF GUAM
FEB 15 2006
MARY L.M. MORAN
CLERK OF COURT

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JIN YOUNG OH, ) <br> ) <br> Defendant. ) | CRIMINAL CASE NO. 05-00075 <br><br> **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS** |

COMES NOW the United States and moves this Honorable Court to deny defendant's motion to suppress statements. This motion is supported by the attached Memorandum of Points and Authorities and by the evidence and arguments to be presented at the hearing.

### MEMORANDUM OF POINTS AND AUTHORITIES

During the early morning hours of October 9, 2005, the defendant JIN YOUNG OH, a Korean citizen, arrived in Guam on board Korean Air flight no. 805 from Incheon, Korea. Guam Customs & Quarantine officers found over 2,000 grams, gross weight, of crystal methamphetamine during an inspection of the defendant's baggage. The drugs had been secreted inside electronic speakers that defendant carried in his baggage.

U.S. Immigration and Customs Enforcement Special Agent John Duenas arrived at the Guam International Airport at about 5:30 a.m. that day after having been informed of the drug

seizure. Agent Duenas contacted Drug Enforcement Administration Special Agent Danny Cho to assist since Cho was fluent in the Korean language. Cho arrived at the airport and at about 8:05 a.m. advised the defendant of his constitutional rights with the aid of U.S. Customs Service Statement of Rights form (Defense Exhibit B). The defendant signed the form specifically acknowledging that he had been advised of his rights, and waived his rights before any custodial interrogation.

A defendant must be advised of his Miranda rights prior to a custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 444 (1966). Following the advisement of Miranda rights and a suspect's waiving of those rights, officers properly conduct interviews and obtain statements. Davis v. United States, 512 U.S. 452, 458 (1994). On motions to suppress statements, the government need prove waiver only by a preponderance of the evidence. Colorado v. Connelly, 479 U.S. 157 (1986). In determining whether a defendant's statements were voluntary, courts consider all the circumstances surrounding the making of the statements. See Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973); and United States v. Washington, 431 U.S. 181, 190 (1977). The government must prove voluntariness by a preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 489 (1972). A statement cannot be deemed involuntary absent coercion, intimidation, or deception by the interrogating officer. Connelly, 479 U.S. at 170.

Generally, with regard to whether a confession by a foreign national was voluntary, in United States v. Gamez, 301 F.3d 1138 (9th Cir.), cert.denied, 123 S.Ct. 2240 (2003), the Ninth Circuit noted:

> In the case of a foreign national, the voluntariness inquiry also includes assessment of the following factors: (1) whether the defendant signed a written waiver; (2) whether he was read his rights in his native language; (3) whether he appeared to understand those rights; (4) whether he had the assistance of a translator; (5) whether his rights were explained painstakingly; and (6) whether he had experience with the American criminal justice system.
> 301 F.3d at 1144 (citing United States v. Amano, 229 F.3d 801, 804-05 (9th Cir. 2000).

Also, "[w]hether there has been a valid waiver depends on the totality of the circumstances, including the background, experience and conduct of the defendant." United

2

States v. Bautista-Avila, 6 F.3d 1360, 1365 (9th Cir. 1993). In Bautista-Avila, the Ninth Circuit found a knowing waiver in spite of the defendant's "expert testimony that for [defendant], who had no prior experience with the United States judicial system, had only a sixth grade Mexican education, and had been a manual labor all his life, 'there is almost an impossibility to grasp abstractions,'" and the defendant's own testimony "that, although he had indicated to [agent] at the time of the interrogation that he understood his Miranda rights, he had not really understood those rights all that well." 6 F.3d at 1365-66. See also, Villafuerte v. Stewart, 111 F.3d 616, 626 (9th Cir. 1997); United States v. Bernard S., 795 F.2d 749, 753 (9th Cir. 1986); and United States v. Heredia-Fernandez, 756 F.2d 1412, 1415-16 (9th Cir. 1985).

Here, the evidence will show that prior to the interview of defendant on October 9, 2005, Agent Cho properly communicated in the Korean language the Miranda rights to the defendant, and the defendant's waiver of those rights was knowing and voluntary, and the defendant voluntarily made statements to law enforcement agents.

RESPECTFULLY submitted this 15th day of February 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

3