JOHN T. GORMAN
Federal Public Defender
District of Guam

ALEXANDER A. MODABER
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
JIN YOUNG OH

FILED
DISTRICT COURT OF GUAM
FEB 22 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 05-00075 |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S REPLY TO |
| | ) | GOVERNMENT'S OPPOSITION TO |
| vs. | ) | DEFENDANT'S MOTION TO SUPPRESS |
| | ) | STATEMENTS; CERTIFICATE OF |
| JIN YOUNG OH, | ) | SERVICE |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the defendant, JIN YOUNG OH, through counsel, Alexander A. Modaber, Assistant Federal Public Defender, and respectfully submits his reply to the Government's Opposition to Defendant's Motion to Suppress Statements.

OH asserted two claims why his statements were taken in violation of his constitutional rights and should be suppressed. The first violation is that Guam Customs Officer Gange never gave OH the mandated Miranda warnings as he was in custody and Gange's questioning was likely to elicit an incriminating response. OH's second claim is that during the

second interrogation, this time by U.S. Drug Enforcement Administration (DEA) agent, Cho, he was properly given his Miranda warnings and his waiver was not knowing and voluntary.

The government never addressed OH's first claim. When Guam Customs Officer Gange detected a foreign object in OH's stereo speaker which he believed to be drugs, OH was not free to leave. At this point, Customs Officer Gange had reasonable cause to believe the further questioning was likely to illicit an incriminating response. Thus, Guam Customs Officer Gange clearly violated OH's constitutional rights and the statements must be suppressed.

The government does address OH's second claim and asserts that DEA Agent Cho properly communicated in Korean the Miranda warnings to OH and that OH's waiver of those rights was knowing and voluntary.

OH however submits that the signed Miranda waiver (Exhibit B, Defendant's Motion to Suppress Statements) was not fully translated and he did not know what the document fully represented prior to signing it. An evidentiary hearing is necessary for the court to consider all the circumstances surrounding the making of the statements by OH.

DATED: Mongmong, Guam, February 22, 2006.

ALEXANDER A. MODABER
Attorney for Defendant
JIN YOUNG OH

2

## CERTIFICATE OF SERVICE

I, RENATE DOEHL, hereby certify that a true and exact copy of the foregoing document was duly mailed and/or hand-delivered to the following on February 22, 2006:

MARIVIC P. DAVID
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

DATED: Mongmong, Guam, February 22, 2006.

_____
RENATE DOEHL
Operations Administrator

ALEXANDER A. MODABER
Attorney for Defendant

3