# ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

**FILED**

DISTRICT COURT OF GUAM

MAR - 7 2006

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00075 |
| Plaintiff, ) | |
| ) | **GOVERNMENT'S SUPPLEMENTAL** |
| vs. ) | **MEMORANDUM TO DEFENDANT'S** |
| ) | **MOTION TO SUPPRESS** |
| ) | **STATEMENTS** |
| JIN YOUNG OH, ) | |
| Defendant. ) | |

The defendant JIN YOUNG OH argues that his statements to Guam Customs and Quarantine Officer J. Gange should be suppressed under Miranda v. Arizona, 384 U.S. 436 (1966), because the officer's questioning amounted to custodial interrogation.

*Miranda* warnings must be given only when a suspect is both in custody and subjected to official interrogation. The ultimate inquiry is "whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." Stansbury v. California, 511 U.S. 318, 322 (1994)(quoting California v. Beheler, 463 U.S. 1121, 1125 (1983)). In making a custody determination, the court looks at the objective circumstances of the situation, not to the subjective view harbored by either the suspect or the officers whether a person is in custody, and considers the totality of the circumstances. Stansbury, 511 U.S. at 329-30.

1    In the context of a border crossing, whether detention at the border qualifies as "custody"

2    for *Miranda* purposes, one assesses "whether a reasonable innocent person . . . would conclude

3    that after brief questioning he or she would not be free to leave." United States v. Bravo, 295

4    F.3d 1002, 1009 (9th Cir. 2002). In Bravo, at primary inspection, defendant was made to get out

5    of his vehicle; he was frisked and then handcuffed; the agents advised him that he would be free

6    to leave if nothing was found in his vehicle; he was then taken to a security office where the

7    handcuffs were removed and a pat-down search was conducted, and he was detained in the office

8    until the vehicle search uncovered drugs, whereupon he was arrested. 295 F.3d at 1004-05;

9    1009. The Ninth Circuit held that Bravo was not in custody until the drugs were found and he

10   was arrested, and reasoned that the totality of the circumstances would "lead a reasonable person

11   to believe that he would be free to go once the search was over and he answered any questions."

12   Id. at 1011.

13   In United States v. Hernandez, 322 F.3d 592, (9th Cir. 2003), for example, an inspector

14   searched the driver's door of a vehicle at the port of entry and saw clear plastic wrapped

15   packages that he believed contained illegal drugs. The three occupants of the vehicle were

16   handcuffed and escorted to a secondary security office where their handcuffs were removed and

17   they waited on a bench until the contents of the packages were confirmed to be drugs. The Ninth

18   Circuit held that Hernandez was in custody after the packages were confirmed to be drugs and he

19   was re-handcuffed, but he was not in custody prior to the positive result. 322 F.3d at 597.

20   Also, in United States v. Butler, 249 F.3d 1094, (9th Cir. 2001), the Ninth Circuit stated

21   that a border detention is not custody, even though the person detained is not free to leave or to

22   refuse to be searched. Id. In Butler, the defendant was considered to be in custody only when he

23   was placed in a locked holding cell and his shoes and belt confiscated. 249 F.3d at 1100.

24   As well, routine border questioning does not constitute interrogation. Routine border

25   questions such as citizenship and what a traveler is bringing into the United States, for example,

26   need not be preceded by a *Miranda* advisement because it is not interrogation. See United

27   States v. Chavez-Martinez, 407 F.2d 535, 538-39 (9th Cir. 1969).

28

2

1    In this case, there was a routine search of a traveler's baggage at a port of entry which

2    yielded drugs. After the drugs were found, the defendant was arrested and advised of his

3    *Miranda* rights, which he waived. Since defendant was not "in custody" for *Miranda* purposes

4    and not interrogated during the inspection of his baggage by customs officers, his statements

5    should not be suppressed. Thus, statements made by defendant to customs agents before and

6    after he was advised of his *Miranda* rights should be admissible.

7         RESPECTFULLY submitted this _7th_ day of March 2006.

8

9                                         LEONARDO M. RAPADAS
                                         United States Attorney
10                                        Districts of Guam and CNMI

11

12
                               By:      _____
13                                        MARIVIC P. DAVID
                                         Assistant U.S. Attorney
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                       3