1   **LUJAN AGUIGUI & PEREZ LLP**
    Attorneys at Law
2   Pacific News Building, Suite 300
    238 Archbishop Flores Street
3   Hagåtña, Guam 96910
    Telephone (671) 477-8064/5
4   Facsimile (671) 477-5297

5   *Attorneys for Defendant Jin Young Oh*



FILED
DISTRICT COURT OF GUAM
NOV 09 2007 4:17
JEANNE G. QUINATA
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 05-00075-001 |
| vs. | **DEFENDANT'S PRESENTENCE REPORT RESPONSES** |
| JIN YOUNG OH     Defendant. | |

ORIGINAL

Mrs. Oh responds to the Presentence Investigation Report dated June 12, 2007, as follows, *inter alia*:

1. Paragraphs 16 through 26, the Offense Conduct. Mr. Oh stipulated to certain facts in his Plea Agreement, ¶ 8. Counsel for Mr. Oh asserts that no facts which may detrimentally impact his sentence are conceded other than those facts he stipulated to in his Plea Agreement. Mr. Oh objects to any other facts alleged in the PSR which have not been proved by the Government. Mr. Oh submits those additional facts contained in his Declaration.

2. Paragraph 28 and 38, Role in the Offense. Based upon the facts stipulated in the Plea Agreement, the facts contained in the defendant's Declaration, and such further evidence and argument which may be presented at the sentencing hearing, a §3B1.2 Mitigating Role adjustment should be applied. Mr. Oh respectfully requests that the Court apply a mitigating role adjustment to the offense. USSG §3B1.2 provides:

> Based upon a defendant's role in the offense, decrease the offense level as follows:
>
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling in between (a) and (b), decrease by 3 levels.

In the instant case a mitigating role adjustment should be applied, on the following grounds:

(1) More than one participant was involved in the offense.

(2) Mr. Oh was substantially less culpable than the average participant.[1]

(3) Mr. Oh was not convicted of a significantly less serious offense.[2]

(4) Mr. Oh lacked knowledge concerning the scope and structure of the

---

[1] USSG §3B1.2, Application Note 3(A).
[2] USSG §3B1.2, Application Note 3(B).

enterprise and of the activities of others.[3]

   (5) Alternatively, he was less culpable than others.[4]

3. Paragraph 30. Objection to §2D1.1(b)(4) upward adjustment.

The defendant objects to a §2D1.1(b)(4) two level increase because it is not applied if the defendant is subject to a mitigating role adjustment under §3B1.2. The defendant has asked the Court to apply a mitigating role adjustment. If the Court grants the request, a §2D1.1(b)(4) two level increase is not imposed.

4. Motion to apply USSG §2D1.1(a)(3) mitigating role offense level "cap."

The defendant has requested that the Court apply a mitigating role adjustment to his offense level. Should the Court grant this request a mitigating role offense level cap should be applied. Under USSG §2D1.1(a)(3) a graduated reduction is applied to the base offense level for offenders who qualify for a mitigating role adjustment under USSG §3B1.2. Under §2D1.1(a)(3) the base offense level is determined as follows:

> **[T]he offense level specified in the Drug Quantity Table set forth in subsection (c), except if (A) the defendant receives an adjustment under 3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level 32, decrease by 2 levels; (ii) level 34 or 36, decrease by 3 levels; or (iii) level 38, decrease by 4 levels.**

In addition to application of a graduated reduction, the mitigating role adjustment is also applied. Application note 6 to USSG §3B1.2 states, "[i]n a case in which the court applied §2D1.1 and the defendant's base offense level under the guideline was reduced by operation of the maximum base offense level in §2D1.1(a)(3), the court shall also apply the appropriate adjustment under this guideline." Accordingly, when a defendant is found to have a mitigating role in the offense, the role cap must be applied, and the failure to do so is plain error. *U.S. v. Jackson*, 410 F.3d 939 (7th Cir. 2005), *U.S. v. Cano-Silva*, 402 F.3d 1031 (10th Cir. 2005).

---

[3] USSG §3B1.2, Application Note 4.
[4] USSG §3B1.2, Application Note 5.

5. Paragraph 72, Departures. The Defendant and the Government contractually negotiated the May 1, 2006 Plea Agreement. Thereunder, the parties envisioned that the defendant would attempt to provide substantial assistance and that if he did the government would file a U.S.S.G. §5K1.1 downward departure motion. The defendant asserts that he in fact cooperated and provided substantial assistance, and/or attempted to provide substantial assistance but was deprived of doing so by government bad faith and/or negligence. Defendant moves for a *sua sponte* downward departure. The Ninth Circuit has stated: "although the government has discretion to decide whether or not to file the [5K1.1] motion, it does not have the last and only word on whether the defendant provided substantial assistance..." If a defendant protests the government's refusal to file the motion and that the government is acting in bad faith in refusing to file a motion, a factual dispute arises and the district court can determine whether in fact the defendant did provide substantial assistance as part of a bad faith determination. *United States v. Mikaelian*, 168 F.3d 380 (9th Cir. 1999), amended, 180 F.3d 1091 (9th Cir. 1999). The Court has the authority to depart downward based upon a defendant's substantial assistance even in the absence of a government motion. *United States v. Khoury*, 63 F.3d 1138, 1141 (9th Cir. 1995), *United States v. Treleaven*, 458 F.3d 458 (9th Cir. 1994), *United States v. Paramo*, 988 F.2d 1212 (3d Cir. 1993), *cert denied*, 510 U.S. 1121, 114 S.Ct. 1076, 127 L.Ed.2d 393 (1994).

6. CONCLUSION. Mr. Oh calculates his offense level as follows:

Base offense level: 38

Specific offense characteristics: §5C1.2 , -2

Adjustment for role in the offense: §3B1.2 , -4

Adjustment for acceptance of responsibility: §3E1.1, -3

Mitigating role cap: §2D1.1(a)(3)/3B1.2, Application Note 6, -4

Total offense level: 25

Other departures: §5K1.1 downward departure credit

Mr. Oh submits that his total offense level is properly calculated to be at level 25, criminal history category 1, with a sentence range of 57-71 months, subject to any other downward departures or adjustments the Court may apply.

**RESPECTFULLY SUBMITTED** this 9th day of November, 2007.

**LUJAN AGUIGUI & PEREZ LLP**

By: /s/ Peter C. Perez

**PETER C. PEREZ, ESQ.**
*Attorney for Defendant Jin Young Oh*

O-0006A/610-00A/0610/PCP: wdj